## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| v. | } | |
| | } | |
| ROY DANIEL ELLENBURG, | } | Case No.:  1:14-cr-0085-KOB-JHE-1 |
| | } | |
| Defendant. | } | |
| | } | |
| | } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Defendant Roy Daniel Ellenburg's filing (doc. 38), in which he appears to give "NOTICE OF APPEAL from this courts [sic] judgment that was imposed on 17 December, 2014."  The court CONSTRUES his notice of appeal as timely objections to the magistrate judge's Order of December 17, 2014 (doc. 37),  pursuant to Rule 59 of the Federal Rules of Criminal Procedure.[1]  Because the Eleventh Circuit has no appellate jurisdiction over direct appeals from a magistrate judge's Order, his appeal must first go to the District Judge.  *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009).  If the court did not construe his "notice" as an objection, and instead treated it as a true appeal, the Eleventh Circuit would dismiss it because of lack of jurisdiction because no district judge had first reviewed the magistrate judge's order.

Having now carefully considered de novo all of the materials in the court file, including the magistrate judge's Order and  Ellenburg's objections, the court agrees with the magistrate judge that

---

[1]Under the mailbox rule, the court deems his objections filed on December 23, 2014, the dated he signed the document.  See *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Rule 4(c), FED. R. APP. P.

1

Ellenburg's "Motion for Certification and/or Notification of Constitutional Challenge to Statute, Pursuant to Federal Rules of Civil Proceudre, Rule 5.1" (doc.l 33) is due to be denied.  For the reasons explained in the magistrate judge's Order (doc. 37), the court finds that Ellenburg lacks standing to challenge 18 U.S.C. § 2422(b) in this case.  Therefore, the court DENIES his motion for certification (doc. 33).

The court also agrees with the magistrate judge's ruling that Ellenburg's "Motion Requesting Special Discovery Hearing to Determine if the Level of Court Appointed Representation was Adequate, Pursuant to 18 U.S.C. § 3006A" should be construed as a motion to vacate under 28 U.S.C. § 2255.  The court OVERRULES any objections Ellenburg makes to the magistrate judge's authority to convert this motion to a motion to vacate.  Ellenburg's motion for a special hearing alleges that he received ineffective assistance of counsel, which is a ground properly brought in a § 2255 habeas action. The court finds that nothing in 28 U.S.C. § 636 prevents a magistrate judge from directing the Clerk to treat a mislabeled motion seeking § 2255 relief as a § 2255 motion and open a separate civil case under the procedure the court uses for such a motion.

Regarding Ellenburg's "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)(3), Rule 60(b)(4), and Rule [sic] (d)(3)" (doc. 34), the court agrees with the magistrate judge's reasoning that Rule 60 of the Federal Rules of *Civil* Procedure provides no relief in a *criminal* case. The court OVERRULES Ellenburg's objections regarding the magistrate's finding that Rule 60  of the Federal Rules of Civil Procedure does not apply in his criminal case.  Although Ellenburg claims that an "8th graders [sic] reading of Rule 1 of the Federal Rules of Civil Procedure would indicate that the Fed. R. Civ. P. 'Govern proceedings in the United States District Court,'" he fails to mention that the same rule makes clear that those rules apply in *civil* cases, not criminal cases.  *See United*

2

*States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).   He filed that *civil* motion and invoked the *Civil* Rules in his *criminal* case.

However, the court disagrees with magistrate judge's outright denial of Ellenburg's Rule 60 motion.  Because Ellenburg moves the court in his motion to issue an order to vacate Ellenburg's judgment and sentence, the magistrate judge should have construed it as a motion to vacate under 28 U.S.C. § 2255.  The court CONSTRUES Ellenburg's Rule 60 motion (doc. 34) as a motion to vacate under § 2255 and DIRECTS the Clerk to file a copy of document 34 in his civil case opened on his behalf by the magistrate judge, 1:14-cv-8061-KOB.

In construing both documents 34 and 35 as motions to vacate, the court is taking claims not properly brought in the criminal case and converting them to a habeas action attacking his judgment and sentence.  Rather than outright denying documents 34 and 35 in the criminal case, because Ellenburg is pro se, the court is doing what Ellenburg should have done but did not know to do—filing his motions as motions to vacate pursuant to 28 U.S.C. § 2255 in a civil case separate from his criminal case.

The court DIRECTS the Clerk to serve a copy of this Order on Ellenburg, along with a copy of the § 2255 motion form, marked "Amended Motion," and identified with Ellenburg's name and case number.   If Ellenburg wishes to proceed with his claims contained in both documents 34 and 35, he must act to pursue them as § 2255 claims in Case No. 1:14-cv-8061.  The court gives Ellenburg thirty days from the date of this Order to file an Amended Motion to Vacate in Case No. 1:14-cv-8061-KOB, to include any and all claims for relief that he claims as grounds to vacate his judgment and sentence.  Once the court has an opportunity to evaluate the merits of his claims in his

amended habeas motion, the court will then determine if a hearing and appointment of counsel is warranted on his motion.

     If Ellenburg wishes to withdraw what the court has construed as habeas claims in 1:14-cv-8061-KOB, he must advise the court of his desire to do so within thirty days of this Order by filing a notice of his intent to withdraw those claims in his habeas action. The court notes that 28 U.S.C. § 2255 contains a one-year statute of limitations that will affect the amount of time Ellenburg has to bring any subsequent § 2255 motion if he chooses to withdraw his claims in 1:14-cv-8061-KOB.

     DONE and ORDERED this 30th day of January, 2015.


_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE